IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TRAVIS WAYNE HATFIELD, | Cause No. CV 24-84-H-SPW |
| Plaintiff, | |
| vs. | ORDER |
| DR. PAUL REES, | |
| Defendant. | |

Plaintiff Travis Wayne Hatfield has moved for a preliminary injunction.
(Doc. 31.) Defendant Paul Rees has responded. (Doc. 33.) The motion is fully
briefed. Hatfield's motion is denied.

## I.    MOTION FOR PRELIMINARY INJUNCTION

A. Factual Background

The following background is taken for context from Hatfield's Second
Amended Complaint. (Doc. 9.) Hatfield's primary complaint is about the medical
care he received while incarcerated at the Riverside Special Needs Unit at Montana
State Prison, Deer Lodge, Montana. (Doc. 9 at 4.) Hatfield alleges that Defendant
Dr. Paul Rees' care of him violated the Eighth and Fourteenth Amendments. (Doc.
9 at 12.) Hatfield has suffered from an ulcerated wound since 2023. (Doc. 9 at 13.)
Defendant Rees referred Plaintiff Hatfield to outside providers for care for this

1

wound. Hatfield has had five "septic events" during his incarceration time, which have required surgery and hospitalization. (Doc. 9 at 13 – 14.) One of the outside providers has suggested that Hatfield receive a particular surgery, but Rees has removed Hatfield from the care of that provider. Since January of 2025, there has been no further discussion of this surgery for Hatfield. (Doc. 9 at 14.) Hatfield's Second Amended Complaint seeks injunctive relief in the form of immediate treatment or release. (Doc. 9 at 15.)

B.  Analysis

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original.) The party seeking an injunction must show that: 1) they are likely to succeed on the merits; 2) they are likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in their favor; and 4) an injunction is in the public interest. *Winter* v. *NRDC, Inc.,* 555 U.S. 7, 20 (2008). The first factor "is a threshold inquiry and is the most important factor." *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020). Thus, a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

The Prison Litigation Reform Act ("PLRA") further constrains the Court's authority to enter an injunction.

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system.

18 U.S.C. § 3626(a)(2). But a court may not deny a preliminary injunction motion and thereby "allow constitutional violations to continue simply because a remedy would involve intrusion into" an agency's administration of state law. *Baird v. Bonta*, 81 F.4th 1036, 1041 (9th Cir. 2023) (internal citation omitted.)

Hatfield's requested relief, in his motion, is release from the Department of Corrections and transfer to the Department of Veterans Affairs for treatment. (Doc. 31 at 2.) As an initial matter, this Court cannot grant Hatfield the relief he seeks. The PLRA does provide for release from custody as a remedy for a civil action with respect to prison conditions. 18 U.S.C. § 3626(3). However, in order to do so, the Court must have "previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order[.]" 18 U.S.C. § 3626(a)(3)(A)(i). No such order has been entered in Hatfield's case. Further, "[t]he authority to order release of prisoners as a remedy to cure a systemic violation of the Eighth Amendment is a power reserved to a three-judge district court, not a single-judge district court." *See*

3

*Brown v. Plata*, 563 U.S. 493, 500 (2011) Accordingly, Hatfield's request for injunctive relief will be construed as seeking less intrusive relief, such as an order directing a form of medical care that he is not currently receiving at Montana State Prison.

Hatfield's brief properly addresses the *Winter* elements outlined above. (Doc. 32.)

1. Likelihood of Success on the Merits

Lack of medical care in a prison context may give rise to an Eighth Amendment claim. To prevail, Hatfield must show that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs". *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986). The Ninth Circuit employs a two-prong test for deliberate indifference to medical needs. A plaintiff first must show "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). A plaintiff then must show "the defendant's response to the need was deliberately indifferent." *Id.*

This two-pronged test consists of an objective and subjective element. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). The first prong, serious

4

medical need, is objectively shown by demonstrating that "failure to treat the injury . . . could result in further significant injury or cause the unnecessary and wanton infliction of pain." *Id.* (internal quotation marks omitted). The second prong, deliberate indifference, involves a subjective assessment of whether a defendant "knows of and disregards an excessive risk to inmate health or safety." *Id.* (internal quotation marks omitted). "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [] must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1970).

Hatfield contends, in support of his assertion that he is likely to succeed on the merits of his claim, that Rees has intentionally interfered with medical treatment already prescribed, and thus, has demonstrated deliberate indifference to his serious medical needs. (Doc. 32 at 3, citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).) In essence, Hatfield relies on his assertion that his outside providers have prescribed the treatment of surgery, and thus, Rees' failure to provide that surgery violates Hatfield's rights. Hatfield's brief is supported by several medical records related to his treatment outside of Montana State Prison. (Doc. 32-1.)

Defendant responds that Hatfield has failed to carry his burden of showing that he is likely to succeed on his allegations that Rees was deliberately indifferent to his admittedly serious medical needs. (Doc. 33 at 8.) Defendant assesses the

medical records submitted by Hatfield and concludes that they do not support an inference that Rees was deliberately indifferent to Hatfield's needs, because they say nothing about Dr. Rees or his actions with respect to Hatfield; the unreasonableness of those actions; or that Dr. Rees took any purposeful act which Dr. Rees would have known would result in substantial risk of serious harm to Hatfield. (Doc. 33 at 8 – 9.)

Hatfield has failed to carry his burden to show he is likely to prevail on the merits. The evidence he has provided to support his claim does not go the distance it must to warrant the conclusion he seeks. That is, the documents show his serious medical need, and refer to certain requests made by his outside providers of the prison medical staff. (*See, e.g.*, Doc. 32-1 at 3, seeking additional specialist care from prison staff.) The documents also acknowledge that "care is complicated by being incarcerated[.]" (Doc. 32-1 at 1.) The notes state "undergoing consideration for possible flap procedure...," which is the care Hatfield seeks, but there is no affirmative statement that the procedure is required or prescribed. (Doc. 32-1 at 1.)

"To merit the extraordinary award of a preliminary injunction, the supporting materials presented to the court must be based on evidence not speculation." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1198 (9th Cir. 2024) (citation omitted). Hatfield has not shown he is likely to succeed on the merits of his Eighth Amendment claim. Even if his serious need is

assumed, he has not produced any evidence to show that any treatment he has received is inadequate. Hatfield has provided insufficient evidence to show that "the [chosen] course of treatment . . . was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health." *Toguchi v. Chung*, 391 F.3d 1051, 1068 (9th Cir. 2004). Any injunction related to medical care would be entirely speculative as to what care is required.

### 2. Likelihood of Irreparable Harm

As to the likelihood of irreparable harm, Hatfield's brief focuses on the legal standard of a constitutional violation. (Doc. 32 at 1.) Hatfield claims that he has already suffered irreparable harm because his Eighth Amendment rights have been violated, and "[a]s a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm." (Doc. 32 at 1.) In support of his position, he cites several cases in which courts concluded that failure to follow a doctor's orders amounted to deliberate indifference. (Doc. 32 at 2.)

In response, Defendant echoes his argument about Hatfield's likelihood to succeed, that Hatfield has provided no evidence to support his conclusion of irreparable harm. (Doc. 33 at 9.) Hatfield has not established that a doctor's orders were not followed, and thus, his reliance on cases that say there is a constitutional violation in that scenario are premature. When there are multiple possible courses

7

of treatment, the choice of one over another does not necessarily amount to a constitutional violation. *Simmons v. G. Arnett*, 47 F.4th 927, 934 (9th Cir. 2022) ("[A]n inadvertent failure to provide adequate medical care, differences of opinion in medical treatment, and harmless delays in treatment are not enough to sustain an Eighth Amendment claim.")

"Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A "showing of a mere possibility of irreparable harm is not sufficient under *Winter*." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1198 (9th Cir. 2024).

Hatfield has failed to establish the likelihood of irreparable harm. Even in the context of his definite medical needs, he has not shown that a specific medical course is required for him, or that, without that course being immediately provided to him, he will suffer irreparable harm.

### 3. The Balance of Equities/Public Interest

"Where the government is a party to a case in which a preliminary injunction is sought, the balance of the equities and public interest factors merge." *Roman v. Wolf*, 977 F.3d 935, 940 (9th Cir. 2020). In this case, the balance of the equities and

8

the public interest weigh against an injunction.

Given that the other factors weigh against issuance of an injunction, the deference owed to the administrative expertise of prison staff and the professional opinion of Defendant Rees ends the analysis. As there is no evidence in the record as to Hatfield's current medical needs, a mandatory injunction forcing the prison to provide him the care he wants would be unmanageable precedent. Any prisoner could allege he requires certain care and obtain an order directing that care without proof. The public interest weighs against such an unsupported injunction.

Finally, Hatfield is seeking a mandatory, rather than a prohibitive, injunction. That is, he is seeking an order that is intended to change, rather than preserve, the status quo. A "mandatory injunction orders a responsible party to take action" and "is particularly disfavored." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79 (9th Cir. 2009) (citation and quotation marks omitted).

Hatfield's motion for a preliminary injunction is denied. None of this predetermines anything about how Hatfield may fare at trial, if he can provide more evidence to support his position.

Accordingly, it is HEREBY ORDERED:

1.    Hatfield's motion for a preliminary injunction is DENIED. (Doc. 31.)

2. At all times, Hatfield must update the Court and opposing counsel with any changes to his address. Failure to do so may result in dismissal for failure to prosecute. Fed. R. Civ. P. 41.

DATED this 4th day of May, 2026.

Susan P. Watters, District Judge
United States District Court